*435
 
 Ruffiít, C. J.
 

 The case has not been argued, but ifc seems probable, that it was framed with a view to obtaining the opinion of the Court upon the questions, whether the land of the defendant is bounded by the Roanoke at the water’s edge or by a line along- the thread of the stream, and, if the former, whether the Legislature can restrict him in the use of it, as enacted in the statute.— The latter point is immaterial to the defendant, if the former be against him, and that it is against him the cases of
 
 Wilson
 
 v.
 
 Forbes, 2
 
 Dev. 30, and
 
 Collins
 
 v.
 
 Benbury,
 
 3 Ire. 277, and 5 Ire. 118, are direct authorities. Although we might have been willing to hear another argument on the point, and to have reconsidered it, if the argument should raise a doubt on it, yet it is too much to expect the Court, without argument, to go over the whole subject of themselves,and reverse a series of adjucations made upon solemn arguments. We think it our duty to adhere to those decisions, under the circumstances, simply upon their authority, and therefore the judgment would be affirmed, if it wore not for another objection, which appears on the record, and is deemed fatal to the action. It is, that the suit was not brought in due time, and therefore cannot be maintained. A common informer cannot recover a penalty, unless he sue within the period allowed him by the act, as it forms a part of his title. The general rule is, that a penalty imposed by statute belongs to the sovereign, unless the right to sue be given to some one else,] Here, the enacting clause gives it to the person first suing for it, subject only' to the limitation in point of time by the general act of 1808. But the proviso makes it the duty of the public law-officers to sue for the use of the State, if no private person shall have sued within one month from the forfeiture. As the right is thus reserved to the State after that period, it is an unavoidable implication, that individuals are excluded from it after the same period. This suit was not brought until the 24th of May,
 
 *436
 
 although the forfeiture was on the 16th of April; and for that reason the judgment must be reversed, and judgment entered for the defendant, according to the case agreed. i
 

 Per Curiam. Judgment reversed and judgment for the defendant.